IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JERRY BAKER,

           Plaintiff,                    No. 2:13-cv-0171 EFB P

     vs.

MARSH, et al.,

           Defendants.         ORDER AND
<br>                                            FINDINGS AND RECOMMENDATIONS

_____/

     Plaintiff is a county inmate proceeding without counsel in an action brought under 42 U.S.C. § 1983. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1). To proceed with a civil action a plaintiff must pay the $350 filing fee required by 28 U.S.C. § 1914(a) or request leave to proceed in forma pauperis. This action must be dismissed because plaintiff has neither paid the filing fee, nor demonstrated that he is eligible to proceed *in forma pauperis*.

     A prisoner may not proceed *in forma pauperis*,

> if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). On at least three prior occasions, plaintiff has brought actions while

incarcerated that were dismissed as frivolous, malicious, or for failure to state a claim upon which relief may be granted.  *See* (1) *Baker v. Todd*, 2:10-cv-1827 MCE EFB (E.D. Cal. Mar. 21, 2011) (order dismissing action for failure to state a claim); (2) *Baker v. Jones*, 2:12-cv-0404 WBS EFB (E.D. Cal. Sept. 18, 2012) (order dismissing action for failure to prosecute and failure to state a claim); and (3) *Baker v. Marsh*, 2:12-cv-0555 GEB EFB (E.D. Cal. Oct. 24, 2012) (order dismissing action for failure to prosecute and failure to state a claim).

Further, it does not appear that plaintiff was under imminent threat of serious physical injury when he filed the complaint.  *See* 28 U.S.C. § 1915(g); *Andrews v. Cervantes*, 493 F.3d 1047, 1055 (9th Cir. Cal. 2007) (section 1915(g) imminent danger exception applies where complaint makes a "plausible" allegation that prisoner faced imminent danger of serious physical injury at the time of filing).  In the complaint, plaintiff seeks damages and injunctive relief on the grounds he is being denied dental floss.  Dckt. No. 1.  Plaintiff's allegations do not demonstrate that he suffered from imminent danger of serious physical injury at the time he filed his complaint.  Thus, the imminent danger exception does not apply.

Because plaintiff has not paid the filing fee and is not eligible to proceed in forma pauperis, this action must be dismissed.

Accordingly, it is hereby ORDERED that the Clerk of the Court shall randomly assign a United States District Judge to this action.

Further, it is hereby RECOMMENDED that this action be dismissed without prejudice to re-filing upon pre-payment of the $350 filing fee.  *See* 28 U.S.C. §§ 1914(a), 1915(g).

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Failure to file objections

////

1    within the specified time may waive the right to appeal the District Court's order. *Turner v.*

2    *Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

3    Dated:  February 5, 2013.

4

5                                       EDMUND F. BRENNAN
                                        UNITED STATES MAGISTRATE JUDGE
6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26